THOMAS N. McCARTER, RECEIVER, &c., DEFENDANT IN ERROR, v. GEORGE S. KETCHAM, PLAINTIFF IN ERROR.

Submitted March 25, 1907—Decided June 17, 1907.

1. A subscriber of stock of a corporation is liable to pay therefor on the execution of the certificate of incorporation, though he does not participate in the organization, and though the corporation becomes merely a *de facto* corporation.

2. An order of the Court of Chancery ascertaining the amount necessary to pay the debts of an insolvent corporation, and reciting that there were no funds to pay the same; that assessments should be made against the persons who had subscribed for the stock and held the same in specified amounts, and that payment of such assessments might be enforced by suit, sufficiently proved the making of an assessment against a subscriber, though the order recited that it was made without prejudice to the rights of any person named therein to any defence which he might have to any action on stock subscriptions, and the receiver of the corporation might sue a subscriber for the assessment.

On error to the Essex Circuit Court.

For the plaintiff in error, *Frank E. Bradner.*

For the defendant in error, *James E. Howell.*

The opinion of the court was delivered by

VROOM, J.   This action was brought by the receiver of an insolvent corporation, the Clinton Hill Lumber and Manufacturing Company, to enforce in favor of the creditors of said company the payment by the defendant of so much of his stock subscription unpaid by him to the company as was necessary to satisfy the debts of the corporation.

In the case of *McCarter, Receiver, v. William S. Ketcham, Jr.,* 43 *Vroom* 247, in this court, Mr. Justice Garretson recited with great care the facts proved in that case, which are practically the same as in the case now under consideration, and which, as was there held, proved the existence of a corporation *de facto.* In the present case it was shown that the incorporators of this company signed the certificate of incorporation, which was recorded in the office of the clerk of Essex county; that the stockholders met and elected officers; that a bill of sale was made by Holloway to the company of all his stock of lumber in his lumber yard, his lease, buildings, &c.; that the board of directors was authorized to call upon the stockholders of the company for forty per cent. of the amount subscribed to the stock of the company, and it was at the trial admitted that the corporation was a corporation *de facto.*

On the conclusion of the plaintiff's case a motion was made for a nonsuit, and was based by the defendant upon two grounds—*first,* that the plaintiff had not proved any liability on the part of the defendant on his subscription for stock, and *second,* that the plaintiff had not proved an assessment made against the defendant by the Court of Chancery, and the motion for the nonsuit was practically the only ground urged in this court for reversal in the brief of the plaintiff in error.

So far as the first ground for nonsuit is concerned, it seems to me to have been settled by the case in 43 *Vroom, supra.* It was there held that the liability to pay for stock subscribed was fully proved when the certificate of incorporation was proved and the corporation became a corporation *de facto.* It was contended, however, by plaintiff in error, that as the facts in the case fail to show that the defendant participated in the organization, that he is not estopped by any of his own acts. And further, that he is not estopped by the acts of his associates, and this because there was nothing to show that the defendant authorized the others who signed the certificate of organization to meet and organize, or that he signed a waiver of notice of a meeting, or that he attended the first meeting of the stockholders, or acknowledged his election as director.

The theory of the plaintiff in error that the subscription to pay is conditioned upon the formation and organization of a corporation *de jure* is utterly without substance. The execution of the certificate of incorporation constituted an express contract to contribute to the capital stock, and while it may be true that he did not personally participate to any great extent in the operation of the company, and had no personal responsibility for the acquisition of Holloway's property in fraud of the latter's creditors, that does not in any way affect his liability upon his stock subscription.

The second ground relied upon by the plaintiff in error was that the plaintiff below had not proved an assessment made against the defendant in the Court of Chancery.

The proceedings in the Court of Chancery in the case of *Cumberland Lumber Co.* v. *Clinton Hill Lumber and Manufacturing Co.,* 12 *Dick. Ch. Rep.* 627, were all before this

court, in 43 *Vroom* 247, reviewed and the assessment made by the receiver sustained.

In the present case the proceedings in the chancery case were all put in evidence, and it appeared that the order upon which the present suit was based was made June 9th, 1903, and thereby it was ascertained that the total amount required to be paid out of such assets of the insolvent company as might come to the hands of the receiver was $6,344.97, and that there were no funds to pay the same, and that an assessment should be made against the persons who subscribed for and now hold the stock of the said corporation; that two of the subscribers were insolvent; and it was thereby ordered that the receiver be and is directed and authorized to assess, call and collect the said sum of $6,344.97, with interest, from George W. Ketcham; George W. Ketcham, administrator of the estate of William S. Ketcham, and William S. Ketcham, Jr., out of their respective subscriptions as incorporators and stockholders of the Clinton Hill Lumber and Manufacturing Company which have not been fully paid up (but not to exceed sixty per cent. thereof) and to enforce payment of such assessment and call by suit, if necessary. The order also recited that it is made without prejudice to the rights of any person named therein to any defence which they might have to any action, legal or equitable, which may be brought against them on such stock subscriptions. But it is manifest that this final clause in the order of June 9th, 1903, was not intended to nullify the previous determination of the Court of Chancery with respect to essential matters, but only to reserve defences that were not concluded by the decree.

The record before us does not disclose any such defence.

I think the decree fully justified the assessment made by the receiver, wherein he apportioned the gross amount necessary to be collected among the several subscribers to the certificate of organization, not exceeding sixty per cent. of their respective subscriptions.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 15.

*For reversal*—None.